■ MELVIN FEIGELSON, Appellant-Respondent, v. ALLSTATE INSURANCE COMPANY, Respondent-Appellant.— Judgment, Supreme Court, New York County, entered on December 14, 1970, which adjudged that defendant Allstate

Insurance Company cannot disclaim its obligations under the insurance policy issued to its insured but should be afforded an opportunity to protect its interest in respect of the issue of damages and which further vacated the prior judgment entered on default is unanimously reversed, on the law and the facts, the judgment vacated and the complaint dismissed. Defendant-respondent-appellant shall recover of plaintiff-appellant-respondent $50 costs and disbursements of this appeal. This action was brought pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law to recover upon an unsatisfied judgment previously rendered against defendant's insured. The defendant interposed three affirmative defenses to wit: (1) That it did not receive timely notice of the accident as required by the policy. (2) That it did not receive timely notice of the suit brought by plaintiff against the insured, and (3) That the insured did not co-operate with the defendant thereby breaching the terms of the policy. The trial court found that "the assured, Mitchell, did indeed fail to notify Allstate of the accident or the suit and judgment against him, and thus did not cooperate with defendant." This finding is supported by the evidence. It is thus quite apparent that the insured breached the terms of the policy. While the trial court did not specifically make any finding as to whether the plaintiff gave timely notice of the accident or of the action against the insured, implicit in the trial court's decision is that such notice was not given. The trial court found that defendant was charged with constructive notice based upon post-office receipts dated May 3 and May 4, 1967. Those receipts, however, merely established that defendant had received written notice of the judgment against the insured. Such notice, coming after the judgment was entered, was clearly insufficient to give defendant timely notice of the accident or the suit. The trial court also relied upon a letter received from the Bureau of Motor Vehicles dated February 8, 1967, approximately 20 months after the alleged accident occurred. Reliance upon that letter to establish constructive notice of the accident was misplaced for not only was that letter not received in evidence but it was not sent by or on behalf of the plaintiff and did not inure to plaintiff's benefit. The record does not establish that proper notice of the accident was given by either the insured or the plaintiff prior to entry of the judgment against the defendant's insured and in the circumstances the complaint should have been dismissed. Concur — Stevens, P. J., Capozzoli, McNally, Steuer and Tilzer, JJ.